# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### November 12, 2008 Session

## STATE OF TENNESSEE v. MARIO ANDRE McELRATH

**Appeal from the Circuit Court for Obion County**
**No.  C06-54     William B. Acree, Jr., Judge**

---

**No. W2008-00947-CCA-R3-CD  - Filed May 6, 2009**

---

The defendant, Mario Andre McElrath, was convicted of the attempted sale of .5 grams or more of cocaine within one thousand feet of a school zone.  On direct appeal, this court found plain error in the trial court's imposition of a ten-year, Range I sentence for a Class B felony and remanded for resentencing for a Class C felony. State v. Mario Andre McElrath, No. W2006-02621-CCA-R3-CD, 2007 WL 4245723 (Tenn. Crim. App. Dec. 3, 2007).  On resentencing, the trial court imposed a sentence of four years for a Class C felony for a violation of the Drug Free School Zone Act (DFSZA).  In this appeal as of right, the defendant argues that the exemption from increased incarceration provided in Tennessee Code Annotated section 39-17-432(b)(3) should apply to the release eligibility provision of section -432(c).  Following our review, we conclude that the exemption does not apply to the release eligibility provision and affirm the judgment of the trial court.

**Tenn. R. App. P.  3 Appeal as of Right;  Judgment of the Circuit Court is Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ.,  joined.

James T. Powell, Union City,  Tennessee, attorney for appellant, Mario Andre McElrath.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; Thomas A. Thomas, District Attorney General; and James T. Cannon, Assistant District Attorney General, attorneys for appellee, State of Tennessee.

## OPINION

In the defendant's initial appeal, this court found plain error in the trial court's increase of the defendant's sentencing range to a Class B felony.  Tennessee Code Annotated section 39-17-432(b)(1) provides, in pertinent part, that:

> [a] violation of §39-17-417 . . . that occurs . . . within one thousand feet (1,000') of
> the real property that comprises a public or private elementary school, middle school,

secondary school, preschool, child care agency, or public library, recreation center or park shall be punished one (1) classification higher than is provided in § 39-17-417 (b) - (i) for such violation.

Tenn. Code Ann. § 39-17-432(b)(1). However, section -432(b)(3) provides exemption from this increased sentencing range provision under certain circumstances and states,

> A person convicted of violating this subsection (b), who is within the prohibited zone of a *preschool, childcare center, public library, recreational center or park* shall not be subject to additional incarceration as a result of this subsection (b) but shall be subject to the additional fines imposed by this section.

Tenn. Code Ann. § 39-17-432(b)(3) (emphasis added). The evidence presented at trial showed that the offense occurred within one thousand feet of a preschool and day care center. McElrath, 2007 WL 4245723, at *1. Thus, the defendant was exempted from the increased range of sentence provided by section -432(b)(1), but still subject to an increased fine pursuant to section -432(b)(2). Accordingly, at resentencing the trial court imposed a sentence of four years and sentenced the defendant for a Class C felony offense. At the hearing, the defendant contended that he should not be subject to the release eligibility provision of the DFSZA – arguing that the exemption from increased range should apply likewise to release eligibility. The trial court disagreed and stated,

> I don't think it is my responsibility anyway to designate in the record as to how much of the sentence you are going to have to serve. I'm simply sentencing you for a Class C felony, as a Range I offender, to four years under the [Drug Free] School Zone Act, the school zone being a daycare center.

On appeal, the defendant maintains that he should be exempt from the release eligibility provision found at Tennessee Code Annotated section 39-17-432(c) which provides that "a defendant sentenced for a violation of subsection (b) shall be required to serve at least the minimum sentence for the defendant's appropriate range of sentence." The State contends that the exemption found in section -432(b)(3) is not applicable to section -432(c). As noted by this court in its first opinion regarding this case,

> Issues of statutory construction are questions of law to be reviewed de novo by an appellate court, which is to 'effectuate legislative intent':
>
> Courts are restricted to the natural and ordinary meaning of the language used by the legislature in the statute, unless an ambiguity exists which requires further inquiry to ascertain legislative intent. The language employed must be considered in the context of the entire statute, and the component parts of a statute should be construed, if possible, consistently and reasonably.

McElrath, 2007 WL 4245723, at *4 (citing State v. Goodman, 90 S.W.3d 557, 563-64 (Tenn. 2002) (citations omitted)). The defendant stands convicted of a violation of the DFSZA. Apparent from a plain reading of the statute is the legislative intent to exempt from an increased range of sentence those offenders committing acts at locations other than a traditional school setting yet still frequented by children. However, a plain reading of the statute does not reveal any legislative intent to exempt those same offenders from the minimum release eligibility requirement of section -432(c). The exemption in -432(b)(3) speaks only to "additional incarceration as a result of this subsection (b)." The only incarceration referred to in subsection (b) is sentencing class; release eligibility is not addressed in subsection (b). As an offender convicted of a violation of the DFSZA, the defendant is subject to the provisions of -432(c). Therefore, we conclude that the defendant shall be required to serve one hundred percent of the minimum sentence for his range, to wit: three years for a Class C felony as a Range I offender, before becoming eligible for release. The judgment of the trial court is affirmed.

## CONCLUSION

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE